**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JERMAINE SMALL,

     Plaintiff,

-v-

Case No.:
Hon.

CITY OF DETROIT, DETROIT POLICE
OFFICER JOSHUA CHRISTIAN, individually,
DETROIT POLICE OFFICER KYLE DEBETS,
individually, and DETROIT POLICE OFFICER
JACQUELINN FERNANDEZ, individually,

     Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

1.    This is a civil action for money damages brought pursuant to 42

U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the

United States Constitution.

2.    This court has original jurisdiction over Plaintiff's claims

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4.      The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division). Venue is proper under 28 U.S.C. §1391(b).

**PARTIES**

5.      The Plaintiff, Jermaine Small, is, and at all times relevant to this action was, a permanent resident of the State of Michigan, residing in the City of Detroit, Wayne County, Michigan.

6.      Defendant City of Detroit is a governmental entity in the State of Michigan and operates the Detroit Police Department of the City of Detroit.

7.      Upon information and belief, all of the individually named Defendants are citizens of the United States and are Detroit Police Officers and at all times relevant to this action were assigned to certain patrol duties within the City of Detroit. Furthermore, at all times relevant to this action the Defendants were acting under the color of Law and were acting within

2

the course and scope of their employment with the City of Detroit.

8. On August 3, 2013, at the time of the events alleged in this Complaint, all of the individually named Defendants were at all times each acting in their individual capacities, within the course and scope of their employment as police officers employed by the City of Detroit, and under color of law.

## FACTUAL ALLEGATIONS

9. On or about August 3, 2013, at approximately 1:15 a.m., Defendant Officers were on patrol in the area of E. Warren and Drexel in the City of Detroit, County of Wayne, State of Michigan.

10. Defendant Officer Joshua Christian was driving, Defendant Officer Kyle Debets was in the front passenger seat, and Defendant Officer Jacquelinn Fernandez was in the back seat passenger side.

11. At that date and time, Plaintiff was standing with a large group of individuals in front of a home off Drexel.

12. As the Defendant Officers approached the group, the group of individuals started to run away.

13. Defendant Officers, despite no threatening behavior and/or despite no observation of a violent felony or crime by Plaintiff, began aggressive pursuit of Plaintiff.

3

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

14.     Defendant Officers Debets and Fernandez exited the vehicle and went after Plaintiff on foot.

15.     Defendant Officer Christian continued to go after Plaintiff while driving the vehicle, struck Plaintiff with the vehicle, and ran him over.

16.     Plaintiff, without justification, was met with unnecessary, excessive and great force – such great force that it caused the bone to come through his right leg.

17.     Upon information and belief, none of the Defendant Officers observed Plaintiff commit any violent felony or crime at any time prior to or during the brutal, unjustified, excessive force deployed on Plaintiff.

18.     Plaintiff did not have any firearm, weapon, or display an object that appeared to be a weapon at any time prior to or during the brutal, unjustified, excessive force deployed on Plaintiff.

19.     Plaintiff did not threaten in anyway the Defendant officers at any time prior to or during the brutal, unjustified, excessive force deployed on Plaintiff.

20.     Plaintiff did not pose an immediate threat of harm to any of the Defendant Officers or any other person in the immediate vicinity at any time prior to or during the brutal, unjustified, excessive force deployed on Plaintiff.

4

21.    Defendant Officer Christian did not have any justifiable excuse or reason to strike Plaintiff with the vehicle and run him over.  At no time relevant, did any of the individual Defendants have any probable cause to deploy such brutal, unjustified, excessive force.

22.    As a direct and proximate result of the wrongful acts and omissions of the Defendant Officers, Plaintiff sustained severe and permanent injuries.

## COUNT I
## LIABILITY OF THE CITY OF DETROIT FOR INADEQUATE TRAINING AND/OR SUPERVISING OF POLICE OFFICERS REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

23.    Plaintiff incorporates herein all of the prior allegations.

24.    The City of Detroit and the Detroit Police Department had an obligation to train their police officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

25.    The City of Detroit and the Detroit Police Department had an obligation to supervise their police officers to insure that the constitutional rights of citizens were not violated.

26.    The City of Detroit and the Detroit Police Department failed to comply with those obligations and had a custom or policy of acting with

5

deliberate indifference to violations of the constitutional rights of the City's citizens by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights. The Defendants acted in accordance with that policy and/or custom of the City of Detroit, and the policy was the driving force behind the violation of Plaintiff's constitutional rights.

27.    By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, the City of Detroit and the Detroit Police Department encouraged and cultivated the conduct which violated Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

28.    The conduct of the City of Detroit and the Detroit Police Department violated 42 U.S.C. § 1983.

29.    Plaintiff's physical and emotional injuries were a direct and proximate result of the conduct of the City of Detroit and the Detroit Police Department and their deliberate indifference to his Constitutional rights.

30.    As a direct and proximate result of Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

a. Physical pain and suffering;

b. Injuries throughout his body;

c. Open comminuted fractures to right tibia and fibula, requiring multiple surgeries;

d. Right knee injury;

e. Infections requiring debridement procedures;

f. Permanent scarring;

g. Mental anguish;

h. Severe emotional distress;

i. Fright and shock;

j. Denial of social pleasures and enjoyment;

k. Humiliation or mortification;

l. Reasonable medical bills and expenses for the past, present and future;

m. Future medical treatment;

n. Punitive damages;

o. Exemplary damages;

p. Pre-Judgment Interest;

q. Post-Judgment Interest; and

r. All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs,

interest, and attorney fees, as well as an award of punitive damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS PURSUANT
## TO 42 U.S.C. 1983 BY DEFENDANT OFFICERS

31.    Plaintiff incorporates herein all of the prior allegations.

32.    The above describes how the savage physical attack on Plaintiff was without legal justification.

33.    The above-described savage physical attack on Plaintiff was without legal justification.

34.    At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

35.    At all times relevant, as police officers acting under color of law, the individually named Defendants were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

36.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty

8

without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendants employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting horrendous personal injuries upon him.

37.     In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendants failed to act to prevent the use of unnecessary, unreasonable, and excessive force against Plaintiff.

38.     Pursuant to 42 U.S.C. §§ 1983 and 1988, the individually named Defendants are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

39.     The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

40.     As a direct and proximate result of the individually named

9

Defendants' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a.  Physical pain and suffering;

    b.  Injuries throughout his body;

    c.  Open comminuted fractures to right tibia and fibula, requiring multiple surgeries;

    d.  Right knee injury;

    e.  Infections requiring debridement procedures;

    f.  Permanent scarring;

    g.  Mental anguish;

    h.  Severe emotional distress;

    i.  Fright and shock;

    j.  Denial of social pleasures and enjoyment;

    k.  Humiliation or mortification;

    l.  Reasonable medical bills and expenses for the past, present and future;

    m.  Future medical treatment;

    n.  Punitive damages;

    o.  Exemplary damages;

    p.  Pre-Judgment Interest;

    q.  Post-Judgment Interest; and

    r.  All other damages properly recoverable under law.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT III**
**FAILURE TO INTERVENE TO PREVENT**
**VIOLATION OF PLAINTIFF'S FOURTH OR**
**FOURTEENTH AMENDMENT RIGHTS**

41.    Plaintiff incorporates herein all of the prior allegations.

42.    Defendants had a duty to intervene when other Defendant officers were violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, which in effect, resulted in the infliction of excessive force and punishment upon Plaintiff.

43.    Defendants observed and/or had reason to know that excessive force amounting to punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification.

44.    Defendants had the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring.

45.    Defendants were acting with deliberate indifference to the about described acts being inflicted upon Plaintiff, and as such, was the proximate

cause of the injuries suffered by Plaintiff.

46.   The foregoing conflict by Defendants itself amounted to a constitutional violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

47.   As a direct and proximate result of the individually named Defendants' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Injuries throughout his body;

    c. Open comminuted fractures to right tibia and fibula, requiring multiple surgeries;

    d. Right knee injury;

    e. Infections requiring debridement procedures;

    f. Permanent scarring;

    g. Mental anguish;

    h. Severe emotional distress;

    i. Fright and shock;

    j. Denial of social pleasures and enjoyment;

    k. Humiliation or mortification;

    l. Reasonable medical bills and expenses for the past, present and future;

    m. Future medical treatment;

n. Punitive damages;

o. Exemplary damages;

p. Pre-Judgment Interest;

q. Post-Judgment Interest; and

r. All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

/s/David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

Dated: July 14, 2016

13

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JERMAINE SMALL,

      Plaintiff,

-v-

      Case No.:
      Hon.

CITY OF DETROIT, DETROIT POLICE
OFFICER JOSHUA CHRISTIAN, individually,
DETROIT POLICE OFFICER KYLE DEBETS,
individually, and DETROIT POLICE OFFICER
JACQUELINN FERNANDEZ, individually,

      Defendants.

                        /

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

                        /

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, by and through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., hereby demands a trial by jury on this matter.

14

Respectfully submitted,

/s/David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

Dated: July 14, 2016