UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE SMALL,

    Plaintiff,

v.                                              Civil Case No. 16-12632
                                              Honorable Linda V. Parker

CITY OF DETROIT, DETROIT
POLICE OFFICER JOSHUA CHRISTIAN,
Individually; DETROIT POLICE OFFICER
KYLE DEBETS, individually, and DETROIT
POLICE OFFICER JACQUELINN
FERNANDEZ, individually,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS DEBETS AND FERNANDEZ'S MOTION TO DISMISS [ECF NO. 9]</u>**

This lawsuit arises from a police chase between Plaintiff Jermaine Small and Detroit Police Officers Joshua Christian ("Defendant Christian"), Kyle Debets ("Defendant Debets"), and Jacquelinn Fernandez ("Defendant Fernandez") (collectively "Defendant Officers"). On July 14, 2016, Plaintiff filed a complaint alleging that Defendant City of Detroit and the Defendant Officers violated his rights pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution. (ECF No. 1.) Specifically, two of the three counts in the Complaint are against the Defendant Officers in their individual capacity: (1) Count II states a violation of civil rights

pursuant to 42 U.S.C. § 1983 and (2) Count III alleges that the Defendant Officers failed to intervene to prevent a violation of Plaintiff's Fourth or Fourteenth Amendment rights. (ECF No. 1 at Pg ID 9-11.)

Presently before the Court is Defendants Debets and Fernandez's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on September 6, 2016.[1] (ECF No. 9.) Plaintiff filed an opposition brief on September 27, 2016. (ECF No. 12.) Defendants Debets and Fernandez did not file a reply brief. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, this Court is granting the motion to dismiss.

## I. Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and

---

[1] Defendants Debets and Fernandez also request relief pursuant to Federal Rule of Civil Procedure 56 in the alternative. (ECF No. 9 at Pg ID 61.) Because the Court has reached a determination based on the motion to dismiss, the Court need not engage in a summary judgment analysis.

2

conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

3

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

## II. Factual and Procedural Background

On August 3, 2013 at 1:15 a.m., Defendant Officers Christian, Debets, and Fernandez were on patrol in a police vehicle near East Warren and Drexel Street in Detroit. (ECF No. 1 ¶ 9.) Plaintiff was standing with a group of people in front of a home off Drexel. (*Id.* ¶ 11.) As the officers turned onto Drexel Street, individuals began to run away. (*Id.* ¶ 12.) Defendant Officers allege they observed

4

Plaintiff "aggressively grasp the front of his waistband" and began to pursue him. (ECF No. 9 at Pg ID 68.) Defendants Debets and Fernandez exited the vehicle and chased Plaintiff on foot, while Defendant Christian continued to drive the police vehicle. (ECF No. 1 ¶¶ 14, 15.) According to the Complaint, the pursuit ended when Defendant Christian struck Plaintiff with the vehicle and ran him over. (*Id.* ¶ 15.) After Plaintiff was hit by Defendant Christian, Defendant Debets alleges that he "recovered a handgun with one live round in the chamber and 2 rounds in the magazine." (ECF No. 9 at Pg ID 69.)

Defendants Debets and Fernandez allege that Plaintiff's complaint should be dismissed for failure to state a claim. First, Defendants Debets and Fernandez contend that Plaintiff failed to allege particularized facts supporting his 42 U.S.C. § 1983 or failure to intervene claims. (*Id.* at Pg ID 73.) Here, Defendants state Plaintiff has failed to demonstrate any violation by Plaintiff's constitutional rights by Defendants Debets or Fernandez. (*Id.*) Even if Plaintiff did provide sufficient facts to show misconduct, Defendants Debets and Fernandez argue that they would be entitled to qualified immunity because their pursuit of Plaintiff was a discretionary act. (*Id.*)

Defendants Debets and Fernandez also note that in order to prevail on a failure to intervene claim, Plaintiff must demonstrate (1) Defendant Officers observed or knew the constitutional harm was occurring and (2) there was an

5

opportunity and means to prevent the harm from occurring. (*Id.* at Pg ID 75.) Here, Defendants argue if there was a constitutional violation, there was no opportunity for Defendants Debets and Fernandez to intervene before Plaintiff was struck by the police car. (*Id.* at Pg ID 76.)

In his opposition brief, Plaintiff contends that all claims were properly pled. Plaintiff also requests discovery "concerning the actions taken and decisions made by these Defendants up to and including the running down of Plaintiff." (ECF No. 12 at Pg ID 118.)

### III. Applicable Law & Analysis

#### A. Count II - 42 U.S.C. § 1983

The Court first turns to Count II of Plaintiff's complaint, which alleges civil rights violations pursuant to 42 U.S.C. § 1983.

Section 1983 of Title 42 of the United States Code imposes civil liability on those individuals who, acting under color of state law, deprive a citizen of, among other things, his federally guaranteed constitutional rights. *Brosseau v. Haugen*, 543 U.S. 194, 197–98 (2004). To state a claim under § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527,

533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1987)); *see also Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir.2010).

Here, Plaintiff fails to provide any facts to demonstrate how the pursuit on foot violated his constitutional rights. Defendant Debets and Fernandez did not strike Plaintiff with the vehicle. Plaintiff did not plead any facts to demonstrate that Defendants Debetz and Fernandez caused Defendant Christian to strike Plaintiff with the police vehicle. Plaintiff simply recites the elements of a Section 1983 claim, without providing facts to indicate how Defendant Debets and Fernandez violated any constitutional rights of Plaintiff. Because of the dearth of factual support, the Court is unable to "draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft*, 556 U.S.at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, this Court is dismissing Count II against Defendant Debets and Fernandez.

### B.  Count III – Failure to Intervene

In Count III of his complaint, Plaintiff contends that Defendants failed to intervene when his constitutional rights were allegedly violated. (ECF No. 1 ¶ 42.) To establish a claim alleging a failure to intervene, Plaintiff was required to plead that Defendants Debets and Fernandez "1) observed or had reason to know that [the constitutional harm] would be or was being used, and 2)…had both the opportunity and the means to prevent the harm from occurring." *Sheffey v. City of*

*Covington*, 564 Fed. Appx. 783, 793 (6th Cir. 2014) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)). Plaintiff fails to allege any facts to support an inference that Defendants Debets and Fernandez knew that Defendant Christian would strike Plaintiff with the police vehicle. Further, Plaintiff does not provide any facts demonstrating that Defendants Debets and Fernandez could have intervened to prevent the alleged constitutional violation.

Therefore, this Court is dismissing Count III as it pertains to Defendants Debets and Fernandez.

### C. Admissibility of Police Report

In their opposition brief, Plaintiff argues that the police report attached as an exhibit to Defendant's motion is inadmissible when the Court is considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12 at Pg ID 109.) The Court did not take this issue into consideration in granting the motion to dismiss given the naked assertions in the Complaint.

### D. Amending the Complaint

Plaintiff requests that this Court permit the filing of an amended complaint if the Plaintiff failed to sufficiently plead his claim. (*Id.* at Pg ID 113.)

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff

8

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Eastern District of Michigan Local Rule 15.1 provides further requirements for a party seeking leave to amend their complaint:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

E.D. Mich. L.R. 15. The Court finds Plaintiff's request to amend the Complaint futile. Nowhere does Plaintiff explain why justice requires this Court to grant him leave to file an amended complaint. Plaintiff briefly mentions amending the Complaint in his opposition brief, yet provides no additional facts as related to these two officers' roles to justify granting leave. (ECF No. 12 at Pg ID 113.) Plaintiff also did not adhere to Local Rule 15.1 in his request to amend the complaint by failing to provide the Court with the proposed amended pleading.

9

For these reasons, the Court is denying Plaintiff's request to amend the Complaint.

**V.     Conclusion**

For the reasons set forth above, the Court concludes that Counts II and III of Plaintiff's Complaint fail to state a claim upon which relief may be granted against Defendants Debets and Fernandez. The Court is dismissing those claims against Defendants Debets and Fernandez with prejudice pursuant to Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that Defendants Debets and Fernandez's motion to dismiss (ECF No. 9) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 5, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 5, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager