UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE SMALL,

      Plaintiff,

v.

      Civil Case No. 16-12632
      Honorable Linda V. Parker

CITY OF DETROIT, Detroit Police
Officer JOSHUA CHRISTIAN, *individually,*
Detroit Police Officer KYLE DEBETS,
*individually,* and Detroit Police Officer
JACQUELINN FERNANDEZ, *individually,*

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 25)

This lawsuit arises from a police chase between Plaintiff Jermaine Small ("Small") and Detroit Police Officers Joshua Christian ("Christian"), Kyle Debets ("Debets"), and Jacquelinn Fernandez ("Fernandez") (together "Defendant Officers") that resulted in severe injury to Plaintiff Small.  On July 14, 2016, Plaintiff filed a complaint alleging that Defendant City of Detroit ("Detroit") and the Defendant Officers violated his rights pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution.  (ECF No. 1.)  Specifically, two of the three counts in the Complaint were against the Defendant Officers in their individual capacity: (1) Count II states

a violation of civil rights pursuant to 42 U.S.C § 1983 and (2) Count III alleges that the Defendant Officers failed to intervene to prevent a violation of Plaintiff's rights. (*Id.* at PgID 9-11.)

In its June 5, 2017 Opinion and Order, this Court dismissed Count II and III of Plaintiff's Complaint against Defendants Debets and Fernandez for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) Consequently, only two of Plaintiff's claims remain: (1) Count I - liability of the City of Detroit for inadequate training and/or supervision, and (2) Count II - § 1983 violation of civil rights against Defendant Officer Christian.

Presently before the Court is Defendant City of Detroit's motion for summary judgment, pursuant to Federal Rules of Civil Procedure 12(c) and 56. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**1.      Factual Background**

On the evening of August 2, 2013, Plaintiff Small was among a group of individuals gathered outside a home. (ECF No. 26 at PgID 208.) Defendant

2

Officers arrived in uniform and in a marked patrol car. (*Id.*; ECF No. 25 at PgID 191.) Small admits that he was in possession of a firearm at that time; so he broke off from the group and started to run down an alley. (*Id.*) Defendant Officers Debets and Fernandez pursued Small on foot, while Defendant Officer Christian pursued him in the patrol car down the alley. (*Id.* at 209.) The parties dispute the circumstances surrounding Small's injuries as a result of the pursuit[1].

    Plaintiff contends that, in response to Officer Debets command to stop, he threw his firearm over a fence, put his hands up, and stopped; at that point, Defendant Officer Christian drove the patrol car down the alley with no sirens, striking Plaintiff causing his right leg to break. (*Id.*) The City contends that Officer Christian drove down the alley, and upon stopping the patrol car, Plaintiff ran into the passenger side front quarter panel with the right side of his body, dropped the weapon in his hand, stumbled backwards, and tripped on a wooden pallet, thereby sustaining his injuries. (ECF No. 25 at PgID 192.)

---

[1] Although this fact is disputed, the question of whether there are any genuine disputes of *material* fact remains.

## 2. Summary Judgment Standard

Summary judgment, pursuant to Federal Rule of Civil Procedure 56, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## III. Applicable Law & Analysis

Plaintiff argues that Defendant City failed to provide for proper training and oversight, such that it was likely that constitutional rights would be violated. To prevail on a claim against the City[2], the plaintiff must show that his injury was caused by an unconstitutional policy or custom of the municipality. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81. Therefore, Plaintiff must prove that

---

[2] The City of Detroit is a person for the purposes of a § 1983 civil rights action. *See Monell v. Department of Social Services*, 436 U.S. 685 (1978).

"(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690 (6th Cir. 2006).

The Plaintiff's response only advances one argument against summary judgment of his city liability claim—that the City's failure to train its officers specifically on *vehicular pursuits of suspects on foot* constitutes an unconstitutional custom or policy with deliberate indifference to citizens' rights; and this failure to train foreseeably caused Plaintiff's injury. Although Plaintiff highlights that there is no specific City policy or instruction concerning an officer's vehicular pursuit of suspects on foot, the absence of a policy does not itself constitute an unconstitutional policy or custom. *Hoyer v. Southfield*, No. 01-CV-70643, 2003 WL 1868638, at *12 (E.D. Mich. Mar. 14, 2003) (a failure to train "occurs when 'the need for more or different training is *so obvious*, and the inadequacy *so likely* to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (emphasis added)).

Plaintiff argues that more training was clearly needed and, with a high likelihood, would have prevented his being struck by a patrol car during the pursuit in 2013. However, Plaintiff's argument fails to establish that the need for additional training was "so obvious." One officer's actions do not create a custom or policy evincing deliberate indifference to the likelihood of civil rights violations, nor does it establish inadequate training. *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) (a single incident is insufficient to establish required causal nexus); *Harris*, 489 U.S. at 390-91 ("that a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city".).

Also, Plaintiff falls short of establishing a strong likelihood of constitutional violations. Plaintiff claims that the City "knew of likely violations of civil rights" as a result of the alleged inadequate training. (ECF No. 26 at PgID 216.) This claim, however, is supported by no evidence.

The evidence presented by Plaintiff fails to meet the requirements for a failure to train and/or supervise. Plaintiff fails to sufficiently identify the training inadequacies, fails to show that any inadequacy is a result of the City's deliberate indifference, and fails to show that any inadequacy was closely related to or caused his injury. *See Hoyer*, 2003 WL 1868638, at * 13. As such, Plaintiff has failed to

establish a genuine issue of material fact as to its City liability claim, and Defendant City of Detroit is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**IV. Conclusion**

For the reasons set forth above, the Court dismisses with prejudice Count I of Plaintiff Small's Complaint against Defendant City of Detroit, pursuant to Federal Rules of Civil Procedure 12(c) and 56.

Accordingly,

**IT IS ORDERED** that Defendant City of Detroit's motion for summary judgment (ECF No. 25) is **GRANTED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: December 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 20, 2018, by electronic and/or U.S. First Class mail.

> s/ R. Loury
> Case Manager